| | |
|---|---|
| TRAVIS MORGAN,<br><br>        Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>        Defendants. | Case No.: 3:18-cv-380-WQH-NLS<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Before the Court is Plaintiff's motion for appointment of counsel. ECF No. 3. Plaintiff filed a complaint seeking review of the denial of social security benefits, along with a request to proceed *in forma pauperis*. ECF No. 1-2. The District Judge granted Plaintiff's request to proceed *in forma pauperis*, and referred the remaining motions to the undersigned. ECF No. 4.

Plaintiff states that despite diligent efforts to obtain counsel, he has "been unsuccessful because of my poverty." ECF No. 3 at 1. He also argues appointment of counsel is appropriate because he has no legal training or knowledge of proper legal proceedings. *Id.* at 3. Plaintiff argues that physical and mental impairments make it more difficult for him to litigate, but also that he is "resourceful and analytical with

advanced computer skills." *Id.* Finally, Plaintiff references another case he is litigating and requests counsel for that case as well. *Id.,* see 3:17-cv-2227-LAB-KSC.

## A. Legal Standard

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). In *pro se* and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). But they do have discretion to request that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Finding exceptional circumstances entails "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, Plaintiff fails to satisfy either factor of the *Wilborn* test.

## B. Likelihood of Success on the Merits

Plaintiff has not established a likelihood of success on the merits. Plaintiff's motion for appointment of counsel does not address likelihood of success and offers no evidence. A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the *Wilborn* test. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993); *see also, Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (concluding likelihood of success not shown where the plaintiff did not present any evidence other than his own assertions to support his claims). Without any evidence supporting a likelihood of success on the merits, Plaintiff has not satisfied the first *Wilborn* factor.

///

///

### C. Plaintiff's Ability to Articulate His Claims

Where a *pro se* civil rights plaintiff shows he has a good grasp of basic litigation procedure and has been able to adequately articulate his claims, he does not demonstrate exceptional circumstances to warrant appointing counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *see also, Jackson v. Soc. Sec. Administration*, C 10-02578 JW, 2011 WL 13142636, at *2 (N.D. Cal. July 6, 2011) (denying appointment of counsel without a showing of exceptional circumstances); *Smith v. Cook*, 17-CV-00961-AJB-WVG, 2018 WL 1913833, at *1–2 (S.D. Cal. Apr. 20, 2018) (same). The Court has reviewed Plaintiff's Complaint and other pleadings and finds that the issues he raises are not complex. The Court understands Plaintiff's claims and the relief sought, and the District Judge determined the claims were articulated sufficiently to survive *sua sponte* review under 28 U.S.C. § 1915(e). Plaintiff has demonstrated he has a good grasp on litigation procedure, as evidenced by his pleadings and ongoing litigation of another case in this court. *See* 3:17-cv-2227-LAB-KSC.

Plaintiff has not demonstrated that the circumstances of discovery in this case rise to the level of exceptional circumstances warranting appointment of counsel. *See also,* 3:17-cv-2227-LAB-KSC, ECF Nos. 6, 18 (each denying request based on lack of exceptional circumstances warranting appointment of counsel).

The second *Wilborn* factor is not satisfied.

### D. Conclusion

For the foregoing reasons, the Court thus does not find the "exceptional circumstances" required for appointment of counsel under 28 U.S.C. § 1915(e)(1). Accordingly, Plaintiff's request for appointment of counsel is **DENIED**.

**IT IS SO ORDERED**.

Dated: May 24, 2018

*/s/ Nita L. Stormes*
Hon. Nita L. Stormes
United States Magistrate Judge

3

3:18-cv-380-WQH-NLS