# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS MORGAN,<br><br>          Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Officially as Acting Commissioner of the Social Security Administration,<br><br>          Defendant. | Case No.: 3:18-cv-00380-LAB-KSC<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO SEAL**<br><br>**[Doc. No. 19].** |

Presently before the Court is plaintiff's Motion to Seal. [Doc. No. 19]. Plaintiff asserts defendant has "recklessly [ ] violated FRCP 5.2(a)(1)" by filing the Administrative Record [Doc. No. 13], which contains plaintiff's social security number, date of birth, and likely his IRS account number. [*Id.* at p. 1]. He also asserts the personal identifying information of his two children is impermissibly included the record. [*Id.*]. For that reason, he requests the case be immediately sealed. [*Id.*].

Defendant, in opposition, argues Federal Rule of Civil Procedure 5.2(b)(2) "exempts 'the record of an administrative or agency proceeding' from redaction requirements." [Doc.

No. 21 at p. 2]. Moreover, defendant argues the case need not be sealed because remote access is already limited to attorneys and parties. [*Id.*].

The general rule in the Ninth Circuit strongly favors public access to documents filed with the courts. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Sealing a case file is not warranted merely because personal, identifying information, is contained in the administrative record of a social security disability claims matter. *See, e.g.*, *Wong v. Astrue*, No. C 08-02432, 2008 WL 2323860, at *1 (N.D. Cal. May 20, 2008); *Ricks v. Colvin*, No. RWT 14-1607, 2016 WL 97854, at *7 (D. Md. Jan. 8, 2016). Moreover, defendant has not violated Federal Rule of Civil Procedure 5.2 insofar as *plaintiff's* personal information is contained in the administrative record. Fed. R. Civ. P. 5.2(b)(2) and (c)(1)-(2) ("[A]ccess to an electronic file is authorized as follows: [ ] the parties and their attorneys may have *remote* electronic access to any part of the case file, including the administrative record[,] any other person may have electronic access to the full record at the courthouse, [but remote access only to] an opinion, order, or other disposition of the court, [ ] not any other part of the case file or the administrative record"). No compelling reason has been given why the plaintiff's identifying information must be sealed to overcome the strong Ninth Circuit presumption.

However, plaintiff also argues that the Administrative Record [Doc. No. 13] contains personal, identifying information of his two children. [Doc. No. 19 at p. 1]. As to this issue, the Motion is vaguely worded and does not clearly convey what specific information regarding plaintiff's children might be contained in the administrative record.[1] The Court will not make plaintiff's argument for him.

///

///

---

[1] The exact wording in plaintiff's Motion is: "On May 8, 2018, Defendant, Nancy Berryhill through her attorney, filed complete records of proceedings in this case and contains 688 pages of records which contain full social security numbers, dates of births and minor children's full names and IRS account numbers." [Doc. No. 19 at p. 1].

1  Because the record of an agency proceeding is exempted from the general redaction
2  requirement, absent more, the Court cannot grant plaintiff's Motion at this time. *See* Fed.
3  R. Civ. P. 5.2(b).
4      Accordingly, plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.
5      **IT IS SO ORDERED**.
6  Dated:  June 27, 2018

Hon. Karen S. Crawford
United States Magistrate Judge